**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

POGHOS GHUYUMJYAN,

                           Plaintiff,

           v.

BANK OF AMERICA, N.A.;
CHEXSYSTEMS, INC.; AND
EARLY WARNING SERVICES, LLC;

                       Defendants.

Case No.: 2:24-cv-10749-MEMF-BFM

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS [ECF NO. 31]**

Before the Court the is Motion for Judgment on the Pleadings filed by Defendant Early Warning Services, LLC. For the reasons stated herein, the Court hereby DENIES the Motion.

/ / /

/ / /

1

### I.    Background

#### A.    Factual Background[1]

Prior to March 2024, Plaintiff Poghos Ghuyumjyan maintained a checking account with Defendant Bank of America N.A. ("Bank of America"). Compl. ¶ 20. In February of 2024, Ghuyumjyan received a check from an auto body repair shop in exchange for selling several automobile parts. *Id.* ¶ 21. Around March 6, 2024, Ghuyumjyan deposited this check into his account at an ATM and received a receipt indicating that the funds would be available on March 12, 2024. *Id.* ¶ 22–23. However, by March 18, 2024, the funds were still unavailable, prompting Ghuyumjyan to visit a Bank of America branch in person to follow up. *Id.* ¶ 24. He presented his ATM receipt to the teller, who reviewed Ghuyumjyan's account, appeared to reprocess the deposit, and informed Ghuyumjyan that the funds should be available shortly. *Id.* Some time after this, Ghuyumjyan received a notification from Bank of America informing him that the check was returned unpaid. *Id.* ¶ 25. He immediately contacted the repair shop, and it issued an alternative payment to Ghuyumjyan to resolve the matter. *Id.* The repair shop was unaware of any issues with the check. *Id.* On or about March 25, 2024, Ghuyumjyan received a letter from Bank of America informing him that his account had been closed without explanation. *Id.* ¶ 26.

Ghuyumjyan was then denied by multiple other financial institutions in his attempts to open a new checking account, leading him to discover that Bank of America had reported him to Defendants ChexSystems, Inc. ("ChexSystems") and Early Warning Services, LLC ("EWS"), two consumer reporting agencies, for alleged checking account fraud. *Id.* ¶¶ 18, 27–28. In his CheckSystems report, his Bank of America account indicated a status of "suspected fraud activity," while his EWS report indicated a status of "checking account fraud." *Id.* ¶ 29. Ghuyumjyan did not participate in any fraudulent activity and had no knowledge or reason to believe that he had done anything that could be considered fraudulent. *Id.* ¶ 30.

---

[1] Unless otherwise indicated, the following factual background is derived from the allegations in Plaintiff's Complaint. ECF No. 1 ("Compl."). For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they are true.

On or about October 15, 2024, Ghuyumjyan sent both agencies written disputes with relevant documentation to his account and the check, including a detailed narrative concerning the circumstances of the inaccurate reporting. *Id.* ¶ 33. In a letter dated November 12, 2024, EWS responded to the dispute, stating its investigation was complete and finding the information EWS had on file regarding Ghuyumjyan "accurate and complete" as of the date it was "furnished to [EWS's] database." *Id.* ¶ 36–37. As of December 13, 2024, Ghuyumjyan believes that the Bank of America account is being reported as checking account fraud by at least one of the CRAs and was not promptly deleted in response to his disputes submitted in October of 2024. *Id.* ¶ 40.

### B. Procedural History

On December 13, 2024, Ghuyumjyan filed a complaint against Defendants asserting violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, *et seq. See generally* Compl. As to EWS and ChexSystems specifically, Ghuyumjyan alleges: (1) failure to establish or follow reasonable procedures to assure maximum possible accuracy in violation of FCRA § 1681e(b); (2) failure to conduct a reasonable reinvestigation in violation of FCRA § 1681i(a)(1); (3) failure to review and consider all relevant information in violation of FCRA § 1681i(a)(4); and (4) failure to promptly delete the disputed inaccurate item of information in violation of FCRA § 1681i(a)(5)(A).[2] *Id.*

On March 28, 2025, EWS filed the instant Motion for Judgment on the Pleadings against Ghuyumjyan. ECF Nos. 31, 32 (the "Motion"). On April 25, 2025, Ghuyumjyan filed an opposition. ECF No. 43 ("Opposition"). EWS filed a reply on May 9, 2025. ECF No. 47 ("Reply"). On June 10, 2025, the Court deemed this matter appropriate for resolution without oral argument and vacated the hearing. ECF No. 53; *see also* C.D. Cal. L.R. 7-15.

### II.   Applicable Law

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when . . . there is no issue of

---

[2] Ghuyumjyan alleges four other counts separately against Bank of America.

material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks omitted). "[A] plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). A court must construe all factual allegations in the pleadings in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

### III.  Discussion

EWS moves for judgment on the pleadings on Ghuyumjyan's claims against it—namely, the § 1681e(b) claim as well as the three claims under subsections of § 1681i—on the grounds that the claims are not sufficiently alleged. For the reasons discussed below, the Court finds that Ghuyumjyan's claims against EWS are sufficiently alleged at this time.

### A.  Ghuyumjyan has properly alleged sufficient facts to support a claim for relief under § 1681e(b).

"15 U.S.C. § 1681e(b) defines the FCRA's requisite compliance procedures, and provides that: 'Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 (9th Cir. 2018). "To sustain either a § 1681e or a §1681i claim, a consumer must first 'make a prima facie showing of inaccurate reporting' by the CRA." *Id.* at 756. Information is inaccurate "where it either is 'patently incorrect' or is 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id.* EWS contends that the allegations do not show that EWS's reporting was inaccurate, that the alleged inaccurate information is not of the type that is objectively verifiable, and that the allegations concerning its reasonable procedure are insufficient. As discussed next, the Court finds the allegations sufficient to satisfy the requirements of inaccuracy and reasonableness under § 1681e(b), and that the objective and verifiable standard is not applicable to the § 1681e(b) claim.

/ / /

i.   Ghuyumjyan has properly alleged that EWS's reporting was inaccurate.

EWS first argues that its report indicating "Checking Account Fraud" was not inaccurate

because the matter it reported properly falls under EWS's definition of "Checking Account Fraud"

as disclosed in Ghuyumjyan's consumer disclosure file. ECF No. 32-1 (the "Disclosure File"). The

Court first addresses whether it is proper to consider the Disclosure File on this Motion.

EWS seeks judicial notice of the Disclosure File under the incorporation by reference

doctrine. *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) ("Under the

'incorporation by reference' doctrine in this Circuit, 'a court may look beyond the pleadings without

converting a Rule 12(b)(6) motion into one for summary judgment.'"). Incorporation by reference

applies to "documents whose *contents* are alleged in a complaint and whose authenticity no party

questions . . ." *Id.* Ghuyumjyan contests that the Disclosure File is inappropriate to reference because

the complaint does not "depend on the language or interpretation of EWS's internal definitions."

Opposition at 10. However, this is not the standard—the question is whether or not the *contents* of

the document were alleged in the complaint. Here, the contents of the Disclosure File—namely,

EWS's reporting of "Checking Account Fraud"—is specifically alleged in the complaint as the basis

of Ghuyumjyan's claims. *See* Compl. ¶ 29. Thus, as Ghuyumjyan does not otherwise contest the

authenticity of the Disclosure File, the Court finds that the Disclosure File is proper to incorporate

by reference.[3]

Nevertheless, the Court does not find that the reporting of "Checking Account Fraud" is

factually accurate based on the Disclosure File's definition of the term. Drawing all inferences in

favor of Ghuyumjyan, he deposited a check and had no reason to believe there were insufficient

funds or anything else at issue with the check. However, the Disclosure File reported "Checking

Account Fraud" and defined that term as follows:

_____

[3] EWS submits, for the first time on reply, what appears to be the documentation submitted by Ghuyumjyan
to EWS which includes the returned check. ECF No. 48. Although this appears to be proper to incorporate by
reference given that it is referenced in the allegations, the Court declines to consider it since there is no reason
EWS could not have included it in its moving papers. Moreover, to the extent that EWS is attempting to use
the exhibit to show that Ghuyumjyan was acting fraudulently, the Court finds that this is a factual dispute
which is not proper to resolve at this stage.

> Checking/Transaction Account Fraud – Transacting or attempting to transact, with an Account *in a fraudulent manner*, including, but not limited to, the passing of forged, altered, closed account, or stolen checks, or kiting (including drawing on): (a) a counterfeit or insufficient check deposit; (b) an empty ATM envelope deposit; (c) non-negotiable items; and/or (d) willful misrepresentation of the transaction amount.

Disclosure File at 5 (emphasis added). EWS argues that "[a] check that is returned unpaid is a form of an 'insufficient check deposit,'" Motion at 5, and under its definition of "Checking Account Fraud," *any* drawing on an insufficient check deposit constitutes "transacting or attempting to transact with an Account in a fraudulent manner." But this is only one possible inference. Another possible inference—and a more reasonable one in this Court's view—is that the definition of "Checking Account Fraud" contemplates an act of fraud by the consumer—not an innocent instance in which an individual deposits a check without knowledge of any issues with it, and later finds out that it was returned unpaid.[4] This Court is required, at this stage, to adopt this definition given that the Court must draw all inferences in favor of Ghuyumjyan.

Utilizing this definition, to qualify as "Checking Account Fraud" even under EWS's definition, the insufficient check deposit must have been transacted "in a fraudulent manner." Ghuyumjyan explicitly alleges that he "did not participate in any fraudulent activity," Compl. ¶ 30, an allegation that this Court must treat as true at this stage. EWS also does not provide any authority or rationale as to why Ghuyumjyan would need to plead any additional facts to support this factual allegation. Therefore, Ghuyumjyan has properly alleged that EWS's reporting of "Checking Account Fraud" was incorrect.

EWS also argues that the phrase "Checking Account Fraud" is not misleading. As discussed above, the Court finds that Ghuyumjyan has properly alleged that the phrase was incorrect, it need not reach the question of whether it was also misleading. *See Shaw*, 891 F.3d at 756 (information is inaccurate where "patently incorrect *or* misleading") (emphasis added, internal quotations omitted).

---

[4] The Court understands that EWS's interpretation of this definition is that *all* of the listed things amount to a transaction conducted in a "fraudulent manner." To the extent there appears to be ambiguity in how the definition is to be interpreted, the Court finds that it is not appropriate to resolve the ambiguity at this stage as no other argument or evidence has been presented on this point. The Court merely notes that a reasonable interpretation of the definition is that the manner in which the insufficient check deposit was transacted must have been fraudulent.

Accordingly, the Court finds that Ghuyumjyan has properly alleged that EWS's report was inaccurate under 15 U.S.C. §1681e(b).

    ii. <u>The Court declines to adopt EWS's assertion that properly alleging a § 1681e claim requires alleging that the allegedly inaccurate information is "objectively verifiable."</u>

Next, EWS contends that the § 1681e claim is not actionable because the alleged inaccurate information is not "objectively and readily verifiable." Motion at 7. EWS solely cites non-binding law on this issue, including for the "objectively and readily verifiable" standard itself. *Id.* (citing *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1369 (11th Cir. 2024)). The Court first notes that *Holden* discusses this requirement with regards to § 1681s and § 1681i and the obligation to conduct a reasonable investigation, not § 1681e claims, and, moreover, the discussion applies to what is required of furnishers, not CRAs. *Holden*, 98 F.4th at 1366–68. Notably, *Holden* cites the Ninth Circuit in *Gorman*, where the Ninth Circuit held that furnishers were required to conduct a reasonable investigation, also in the context of § 1681s and §1681i. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1155 (9th Cir. 2009). Thus, the Court will consider this argument for purposes of the § 1681i claims, but finds that whether the information was objectively or readily verifiable is not a bar to the § 1681e(b) claim.

    iii. <u>Ghuyumjyan has properly alleged that EWS did not follow reasonable procedures.</u>

A CRA is required "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b). EWS contends that Ghuyumjyan has made only conclusory allegations as to EWS's alleged failure to follow reasonable procedures. Motion at 9 (citing Compl. ¶ 70 (alleging that EWS failed "to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation" of Ghuyumjyan's consumer reports). However, as Ghuyumjyan notes, it is not clear what more he can plead at this stage without the benefit of discovery into EWS's procedures. EWS does not cite any binding authority that any heightened pleading standard applies beyond Rule 8's notice requirement. Here, Ghuyumjyan has alleged that any individual who unknowingly deposits a

check without sufficient funds may be flagged by EWS as someone who is involved with fraudulent activities and has detailed the factual circumstances under which he alleges it happened to him. EWS is therefore properly on notice of the "nature of the claim and the grounds on which the claim rests." *See Twombly*, 550 U.S. at 555 n.3 (internal quotations omitted).

Turning to the Rule 12(b)(6) standard, and drawing all inferences in favor of Ghuyumjyan , he has plausibly alleged that EWS's policies allow this to happen and that these policies are not reasonable as there could be numerous individuals who innocently deposit checks with insufficient funds who are being report as having engaged in fraud.

Thus, the Court finds that Ghuyumjyan has sufficiently and properly alleged that EWS failed to follow reasonable procedures.

### B. Ghuyumjyan has properly alleged sufficient facts to support a claim for relief under § 1681i.

15 U.S.C. § 1681i requires a CRA to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1). Moreover, in conducting such reinvestigation, the CRA "shall review and consider all relevant information submitted by the consumer." 15 U.S.C. § 1681i(a)(4). If after a reinvestigation, "an item of the information is found to be inaccurate or incomplete or cannot be verified," the CRA must promptly delete the information or modify it based on the results of the reinvestigation. 15 U.S.C. § 1681i(a)(5). As to the § 1681i claims generally, EWS contends, as with the § 1681e(b) claim, that there is no inaccuracy. As explained above, the Court finds otherwise.[5] EWS also argues that the § 1681i(a)(1) claim fails because there are no facts showing how or why EWS's reinvestigation was unreasonable and that the § 1681i(a)(4) claim fails because the allegations are conclusory.

The Court first addresses EWS's argument on the § 1681i(a)(1) claim. As with the reasonableness of the procedures on the § 1681e(b) claim, the Court does not find that Ghuyumjyan need allege anything more. Ghuyumjyan has alleged that the report from EWS was inaccurate and why; he has also alleged that he notified EWS that the report was inaccurate and why; he has alleged

---

[5] EWS's arguments on the § 1681i(a)(1) claim in part and the § 1681i(a)(5) claim also rely on a finding that there was no inaccuracy; thus the Court does not further address these specific arguments.

that he did not engage in fraud; and he has alleged that despite all this EWS still determined that there was no inaccuracy after its investigation. Given Ghuyumjyan's allegations of the facts underlying the return of the check, and drawing all inferences in his favor, Ghuyumjyan has properly alleged that EWS's procedures were not reasonable—either because its application of the "Checking Account Fraud" definition was unreasonable or because it failed to conduct a reasonable investigation which would have revealed that Ghuyumjyan had not engaged in fraudulent conduct.

As explained with regards to EWS's § 1681e argument, the Court finds that EWS's argument as to whether the alleged inaccurate report was objectively or readily verifiable more appropriately analyzed with regards to the § 1681i claims. Although EWS has not cited any binding authority applying this "objective or readily verifiable" standard directly, the Ninth Circuit has noted that a CRA is not required "to provide a legal opinion on the merits" of a dispute between a consumer and the creditor, because "determining whether the consumer has a valid defense 'is a question for a court to resolve . . .'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). The Court construes EWS's argument to be that its investigation was reasonable because it was not required to resolve the issue of whether Ghuyumjyan did act fraudulently because such a determination requires "making legal findings and conclusions." Motion at 8. In other words, to the extent that Bank of America reported something indicating the grounds for something that may qualify as "Checking Account Fraud," EWS's contention is that it was reasonable for it to simply rely on that report without doing its own verification into the issue.

Here, the Court finds that it is plausible that the report could have been verified through simple facts—including what Bank of America reported to EWS and what the grounds were for its report. Moreover, while EWS was not obligated to make an ultimate determination on whether Ghuyumjyan did act fraudulently, it would have been reasonable to ascertain the factual background from which Bank of America made its report and compare it to the detailed narrative provided by Ghuyumjyan. Drawing all inferences in favor of the allegations, it would be plain from Ghuyumjyan's explanation that there was no fraudulent activity and that either there was an error or inaccuracy from either Bank of America or EWS's end. For the same reason, the Court finds the §

1681i(a)(4) claim supported because the consideration of the information provided by Ghuyumjyan, drawing all inferences in his favor, would have reflected that there was no fraudulent activity.

Accordingly, the Court finds the §1681i claims supported.

## IV.    **<u>Conclusion</u>**

For the foregoing reasons, the Court hereby DENIES the Motion for Judgment on the Pleadings. ECF No. 31.


IT IS SO ORDERED.


Dated: June 24, 2025                    _____

                                        MAAME EWUSI-MENSAH FRIMPONG

                                        United States District Judge